IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY BRISTOL,<br><br>   Petitioner,<br><br>  vs.<br><br>WARDEN GODFREY; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>   Respondents. | Cause No. CV 21-87-H-BMM-KLD<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On October 26, 2021, state pro se petitioner Gary Bristol filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief.  (Doc. 1 at 8.)[1]

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.   Because Mr. Bristol's claims are unexhausted, his petition should be

---

[1] Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk."  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

dismissed without prejudice.

## I.    Procedural History/Britsol's Claims

Bristol indicates that he pled guilty to Theft and was sentenced to 5-years

with the Montana Department of Corrections, although he does not provide a date

on which written judgment was entered.  See, (Doc. 1 at 2-3.)  It appears an

amended judgment was entered on July 15, 2021.[2]

Bristol explains he was arrested on August 7, 2021, and that he did not

receive a hearing within 5-days of his arrest, nor was he advised of new charges

against him.  He claims this violates state law.  (Doc. 1 at 4, ℙ 13(A))(citing Mont.

Code Ann. §§ 46-23-1023-1024).

Bristol states he did not file a direct appeal, did not seek review of his

sentence from the Montana Sentence Review Division, did not file a petition for

postconviction relief, and did not seek state habeas corpus relief.  *Id*. at 3-4.  He

asks this Court to order his immediate release.

## II.    Exhaustion Analysis

As a preliminary matter, Bristol is advised that federal district courts, as

courts of original jurisdiction, do not serve as appellate tribunals to review errors

allegedly committed by state courts.  *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir.

---

[2] See, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3016965/
(accessed December 20, 2021).

1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions").  Further, the federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States.  See, 28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Thus, it appears Bristol's claim, as pled, is not cognizable in federal habeas, because he asserts a violation of state law.  But assuming he could state a cognizable claim, he has a preliminary procedural hurdle to contend with first.

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct

3

alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the claim Bristol attempts to advance. As set forth above, Bristol has not sought any form of review in the state courts. Before Bristol can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. But because Bristol has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing

Bristol to return to this Court if and when he fully exhausts the claims relative to his current custody.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Bristol has not made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Bristol's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2.  The Clerk of Court should be directed to enter judgment of dismissal.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Bristol may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Bristol must immediately notify the Court of any change in his mailing address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 28th day of December, 2021.


/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge